**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| WARREN E. PARKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:10-cv-977-WTL-DML |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas**
**Corpus and Denying Certificate of Appealability**

**I.**

This cause is before the court on the petition for writ of habeas corpus of Warren Parks.

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This authority is conferred by Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts,* which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." *See Small v. Endicott,* 998 F.2d 411, 414 (7th Cir. 1993). This is an appropriate case for such a disposition. This conclusion is based on the following facts and circumstances:

1.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.*

2.      Parks alleges that he entered a plea of guilty in an Indiana state court in April 2010 and that the conviction resulting from such plea is invalid because the State of Indiana had previously violated provisions of its Trial Rule 4(c) but nonetheless continued to prosecute him. This claim is insufficient to support the relief Parks seeks for at least two reasons:

a.      "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates

the Constitution, laws, or treaties of the United States." *Rose vs. Hodges,* 423 U.S. 19, 21 (1975) This by necessity excludes alleged violations of state law from the scope of § 2254(a). See *Del Vecchio v. Illinois Dep't. of Corr.,* 31 F.3d 1363, 1370 (7th Cir. 1994) (habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law); *Bloyer v. Peters,* 5 F.3d 1093, 1098 (7th Cir. 1993) (citing *Estelle v. McGuire,* 502 U.S. 62, 67-68  (1991)). The asserted deficiency in the proceedings is a failure to adhere to an Indiana Trial Rule. Such a failing, even if it occurred, does not support a cognizable claim for relief under § 2254(a).

b.      Parks entered a guilty plea. "In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *United States v. Hays,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). He does not allege that his plea was invalid. Parks' guilty plea waived all non-jurisdictional errors occurring prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (once petitioner pleads guilty, "[ ]he may only challenge the voluntary and intelligent nature of the guilty plea by showing that the advice [ ]he received from counsel was not within acceptable standards."); *United States v. Elizalde-Adame,* 262 F.3d 637, 639 (7th Cir. 2001). Any violation of Indiana's speedy trial rule was waived when Parks pled guilty.

3.      Because Parks' habeas petition shows on its face that he is not entitled to the relief he seeks, the action is **summarily dismissed** pursuant to Rule 4.

Judgment consistent with this Entry shall now issue.

## II.

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the court finds that Parks has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date:   08/03/2010

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana